FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAR 15  PM 1 33

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

STUART WINSOR,

    Plaintiff,

v.                                          Case No. 12-CV-35-ABJ

PETER J. YOUNG,

    Defendant.

---

**OPINION AND ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS**

---

Plaintiff Stuart Winsor hired Defendant Peter Young, an attorney, to sue Mr. Winsor's previous employer for wrongful termination. But after Mr. Young allegedly let the statute of limitations run on Mr. Winsor's claims, Mr. Winsor sued Mr. Young for professional negligence. Defense counsel scheduled Mr. Winsor's deposition but he failed to show up for it. This Court sanctioned Mr. Winsor for that failure and ordered him to appear in person for a deposition. Defense counsel once again scheduled Mr. Winsor's deposition, and once again Mr. Winsor failed to appear. Mr. Young has now filed a motion asking the Court to dismiss this action, arguing that dismissal is an appropriate sanction for Mr. Winsor's repeated failures to appear for his deposition. The Court agrees and therefore **GRANTS** Mr. Young's motion to dismiss and **DISMISSES** this action **WITH PREJUDICE**.

## FACTS

Plaintiff Stuart Winsor, a Florida resident, claims that his former employer wrongfully terminated him and hired Defendant Peter Young, an attorney, to bring suit on his behalf. Compl. ¶¶ 1, 14, ECF No. 2. But Mr. Young allegedly let the statute of limitations run on Mr. Winsor's claims, so Mr. Winsor got a different attorney and brought suit against Mr. Young for professional negligence. *See id.* ¶¶ 28–30.

The case hit a snag when Mr. Winsor's attorney filed a motion to withdraw as counsel. *See* Mot. to Withdraw 1, ECF No. 15. She alleged that Mr. Winsor had misrepresented the facts of his case to her and that she could not simultaneously represent Mr. Winsor and comply with the professional rules governing attorney conduct. *See* Supplemental Mot. to Withdraw ¶¶ 14–18, ECF No. 16. Based in part on these allegations, the Court granted the motion to withdraw. *See* Order 2–4, July 11, 2012, ECF No. 27. The Court gave Mr. Winsor thirty days to find replacement counsel but he was unable to do so. *See id.* at 4. Mr. Winsor is thus pro se in this case.

Later on, Mr. Winsor filed a motion asking this Court to stay the case for one year. Pl.'s First Stay Mot. 1, ECF No. 30. He argued that he needed a one-year stay because he was involved in a classified legal investigation, needed to tend to family matters, was proceeding pro se, and was having medical problems. *Id.* at 1–2. However, Mr. Winsor refused to provide evidence of his alleged medical condition despite the Court's instruction to do so. *Id.* at 2. The Court ultimately denied Mr. Winsor's motion on the ground that he had failed to carry his burden of justifying a one-year stay, and the Court mailed him a copy of its order. Order 4–5, Sept. 21,

2012, ECF No. 33. The Court set a scheduling conference for September 27, 2012, as part of the order. *Id.* at 5.

The day before the scheduling conference, Mr. Winsor faxed the Court a letter stating he would be unavailable for the conference because he was undergoing surgery. Pl.'s Letter 1, Sept. 27, 2012, ECF No. 39. Because the Court had not consulted Mr. Winsor prior to setting the conference, Mr. Winsor accused the Court of biased and unethical conduct and threatened to file a complaint against the Court with the United States Judicial Council. *Id.* He also informed the Court that he would no longer be communicating with defense counsel except by mail, and that he had blocked defense counsel's email. *Id.*

A few months later, Mr. Winsor filed another motion for a one-year stay. Pl.'s Second Stay Mot. 1, ECF No. 44. Once again he argued he needed a stay because he was involved in a law enforcement investigation, was pro se, and was experiencing medical problems. *Id.* at 1–2. And, once again, Mr. Winsor refused to provide evidence of these alleged medical problems despite the Court's request. *Id.* at 2. The Court denied Mr. Winsor's motion on the ground that he had failed to carry his burden of justifying a one-year stay. Order 2–3, Jan. 3, 2013, ECF No. 49.

Around the time Mr. Winsor was renewing his request for a one-year stay he was also getting himself into trouble with this Court. On November 9, 2012, defense counsel served a proper notice on Mr. Winsor letting him know that they would take his deposition on December 31, 2012, at a hotel near the Denver International Airport. Def.'s Mem. Ex. 4, ECF No. 51. On December 19, 2012, defense counsel sent another copy of the notice to remind Mr. Winsor of his deposition. *Id.* at 4. On December 31, defense counsel showed up for the deposition, but Mr.

- 3 -

Winsor didn't. *Id.* Instead, minutes before the deposition was set to start, Mr. Winsor faxed defense counsel's law office in Casper, Wyoming, a motion to terminate the deposition. *Id.* Mr. Winsor did not give defense counsel any advance warning that he would not be attending the deposition. *Id.* He later filed his motion to terminate or limit his deposition with the Court, arguing that he had not received notice of the deposition until mere days before it was scheduled to take place. *See* Pl.'s Mot. to Terminate or Limit Dep. 1–2, ECF No. 48.

Mr. Young filed a motion asking this Court to dismiss Mr. Winsor's suit as a sanction for missing his deposition. Def.'s First Mot. to Dismiss 1, ECF No. 50. He also asked for attorney's fees and expenses associated with the deposition and with preparing and filing his motion. *Id.* Mr. Winsor did not respond to the motion, but he later sent the Court a letter explaining that he had not responded because he was too busy with other matters. *See* Pl.'s Letter 1, Mar. 12, 2013, ECF No. 63.

The Court denied Mr. Young's motion to dismiss, opting instead for lesser sanctions. *Winsor v. Young*, No. 12–CV–35–J, 2013 WL 870253, at *1 (D. Wyo. Jan. 23, 2013). The Court concluded that dismissal would have been an inappropriate and unduly harsh sanction on Mr. Winsor for failing to appear at his deposition. *Id.* at *2. The Court refused to dismiss Mr. Winsor's suit because he was pro se, and the Court had not warned him about the possibility of dismissal or tested the efficacy of lesser sanctions. *Id.* at *3. However, the Court gave Mr. Winsor the following warning:

> FAILURE TO APPEAR IN PERSON FOR DEPOSITIONS, FAILURE TO PARTICIPATE IN DISCOVERY, FAILURE TO COMPLY WITH THIS COURT'S ORDERS, OR FAILURE TO COMPLY WITH THE FEDERAL

RULES OF CIVIL PROCEDURE OR THIS COURT'S LOCAL RULES CAN AND LIKELY WILL RESULT IN DISMISSAL OF THIS CASE WITH PREJUDICE AND WITHOUT FURTHER NOTICE OR A HEARING.

*Id.* (emphasis in original). The Court then sanctioned Mr. Winsor by ordering him to pay the reasonable expenses, including attorney's fees, caused by his failure to appear at his deposition and incurred by Mr. Young in preparing and filing his motion to dismiss. *Id.* The Court also ordered Mr. Winsor to appear, in person, for his deposition. *Id.*

Defense counsel rescheduled Mr. Winsor's deposition for February 25, 2013, in Denver. Def.'s Mem. 2, ECF No. 60. The week before his deposition, Mr. Winsor filed a motion asking the Court to limit his deposition to a telephonic appearance on the ground that he did not have enough money to pay for a trip to Denver. Pl.'s Mot. to Limit Dep. 1, ECF No. 57. The Court denied Mr. Winsor's motion and again ordered him to appear in person for his deposition. Order 1, Feb. 20, 2013, ECF No. 58.

On February 25, defense counsel once again drove from Casper to Denver for Mr. Winsor's deposition, and once again Mr. Winsor didn't show up. Def.'s Mem. 2, ECF No. 60. Mr. Young promptly filed this second motion to dismiss. Def.'s Second Mot. to Dismiss 1, ECF No. 59. Mr. Winsor has responded this time, arguing that he notified defense counsel that he would not be at the deposition and can't be blamed for failing to attend because he didn't have the money to travel to Denver. Pl.'s Resp. 1–2, ECF No. 62.

The Court will discuss whether Mr. Winsor's conduct warrants dismissal before briefly concluding.

## DISCUSSION

Mr. Winsor failed to show up for a duly-noticed deposition. This Court sanctioned him for that failure and ordered him to appear in person for a rescheduled deposition, but Mr. Winsor did not show up for that deposition either. The Court must now decide whether Mr. Winsor's conduct warrants dismissal with prejudice. The Court concludes that it does.

Federal Rule of Civil Procedure 37(b) authorizes dismissal if a party violates a court order to attend a deposition. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Before dismissing for such a violation, however, a district court should consider the following factors: (1) the degree of actual harm to the defendant; (2) the amount of interference with the judicial process; (3) the blameworthiness of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). This is a non-exclusive list of factors for a district court to consider. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011). And a district court may consider other factors when arriving at a just sanction for a party's failure to attend a court-ordered deposition. *Ehrenhaus*, 965 F.2d at 920–21. Here, the Court concludes that the *Ehrenhaus* factors, as well as other considerations, all align in favor of dismissal.

## I.   Prejudice to Defendant

On *Ehrenhaus*'s first factor, Mr. Winsor's failure to appear for his deposition harmed Mr. Young by causing him to incur additional attorney's fees and by delaying resolution of this case.

Although it was defense counsel who bore the time, energy, and expense of traveling to Denver for a deposition that Mr. Winsor failed to show up for, it's Mr. Young who must pay the bill for that waste of defense counsel's time. Further, Mr. Winsor's failure to appear delayed the resolution of this case. Mr. Winsor's suit accuses Mr. Young of professional negligence, and such an accusation jeopardizes Mr. Young's professional reputation so long as the case remains pending. *Cf. Ehrenhaus*, 965 F.2d at 921 ("[A] lawsuit containing the serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending."). *Ehrenhaus*'s first factor thus cuts in favor of dismissal.

## II.     Interference with the Judicial Process

*Ehrenhaus*'s second factor also cuts in favor of dismissal; Mr. Winsor's failure to appear for his deposition interfered with the judicial process. By disregarding this Court's orders to appear in person for his deposition, Mr. Winsor flouted the Court's authority. Also, his refusal to appear has delayed the discovery process and has frustrated this Court's mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.; *see Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (stating, "if court orders can be repeatedly flouted we will only retreat further from the goal" of just, speedy, and inexpensive determinations of civil actions).

## III.    Culpability of the Litigant

Regarding *Ehrenhaus*'s third factor, the Court finds that Mr. Winsor culpably and willfully failed to appear for his deposition. An act is *willful* if it is "voluntary and intentional."

*Black's Law Dictionary* 1737 (9th ed. 2009); *see Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (defining *willful failure* as any intentional failure as distinguished from involuntary noncompliance; no wrongful intent need be shown). The evidence that Mr. Winsor voluntarily and intentionally failed to appear for his deposition is overwhelming. This Court twice put Mr. Winsor on notice that he was required to appear in person for his deposition. *See* Order 1, Feb. 20, 2013, ECF No. 58 (ordering Mr. Winsor to appear in person for his deposition); Order 7, Jan. 23, 2013, ECF No. 53 (same). But despite these two orders, Mr. Winsor didn't show up. *Cf. Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (holding that plaintiffs engaged in bad faith where court expressly directed them to perform an act but they failed to perform). Mr. Winsor notified defense counsel a few days before his deposition that he would not be there, providing additional evidence that he had no intention of attending. *See* Pl.'s Resp. 1–2, ECF No. 62. The evidence thus supports the Court's finding that Mr. Winsor culpably and willfully failed to appear for his deposition.

Mr. Winsor contends that the Court can hardly blame him for not attending his deposition because he does not have any money and thus could not afford to travel to Denver for his deposition. *See* Pl.'s Resp. 2, ECF No. 62. This argument gives the Court some pause because dismissal with prejudice for violating a court's discovery order is warranted only in cases of willfulness, bad faith, or some fault, rather than a simple inability to comply. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011). The Tenth Circuit has held, for example, that dismissal is inappropriate if a plaintiff fails to attend a court-ordered deposition because chronic health problems render the plaintiff physically unable to attend. *See Gocolay*, 968 F.2d at 1021.

However, this Court has found no Tenth Circuit decision addressing whether a party's indigence can excuse the party's failure to attend a court-ordered deposition, and the Court has serious doubts about the validity of such an excuse. *See Metoyer v. Univ. K.U. Med. Ctr.*, Civ. A. No. 93–2294–EEO, 1994 WL 585690, at *1 (D. Kan. Oct. 18, 1994) ("That plaintiff may be indigent does not exempt her from sanctions."); *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984) ("A flat per se policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of that rule and would open the door to many possible abuses.").

But even assuming indigence can excuse a party's failure to attend a court-ordered deposition, the Court finds Mr. Winsor's claim of indigence lacks credibility. Mr. Winsor did not oppose traveling to Denver for his first deposition on the ground that he could not afford it. *See* Pl.'s Mot. to Terminate or Limit Dep. 2–3, ECF No. 48. Nor has Mr. Winsor opposed the Court's monetary sanction against him on the ground that he has no money to pay such a penalty. He now argues that he's unemployed and therefore did not have any income to pay for travel to Denver, and he provides his 2011 tax return in an attempt to prove all this. *See* Pl.'s Mot. to Limit Dep. 1, ECF No. 57; *Id.* Ex. 1, ECF No. 57-1. But the tax return itself contradicts Mr. Winsor's claim to unemployment; it shows that he's employed as a pastor. *Id.* Ex. 1, ECF No. 57-1.

The credibility of Mr. Winsor's indigence claim is further undermined by a history of assertions by Mr. Winsor that the Court finds to be of dubious veracity. For example, Mr. Winsor claims that he didn't receive notice of his December 31, 2012 deposition until mere days before

it was scheduled to take place. Pl.'s Mot. to Terminate or Limit Dep. 2, ECF No. 48. But defense counsel has provided a sworn affidavit that they mailed Mr. Winsor a notice of the deposition on November 9, 2012. Def.'s Mem. Ex. 3 ¶ 2, ECF No. 51. Mr. Winsor's claim that he didn't receive that notice strikes the Court as incredible. *See* Pl.'s Mot. to Terminate or Limit Dep. 2, ECF No. 48. Further, the Court permitted Mr. Winsor's counsel to withdraw based in part on its finding that Mr. Winsor had misrepresented the facts of his case to her. *See* Supplemental Mot. to Withdraw ¶¶ 8–14, ECF No. 16.

In short, Mr. Winsor claims that he was unable to travel for his deposition because he has no money. This Court has serious doubts that indigence can excuse a party's failure to attend a court-ordered deposition. But even if it could, the Court finds that Mr. Winsor's claim of indigence lacks credibility. The Court will not speculate about why Mr. Winsor failed to attend his deposition, but the Court does not believe the answer to that question is money.

## IV.   Advance Warning

Having concluded that Mr. Winsor culpably and willfully failed to appear at his deposition, the Court next turns to *Ehrenhaus*'s fourth factor—whether the Court warned Mr. Winsor in advance about the possibility of dismissal. It did. In its order sanctioning Mr. Winsor for failing to appear at his first deposition, the Court warned Mr. Winsor as follows: "FAILURE TO APPEAR IN PERSON FOR DEPOSITIONS, . . . OR FAILURE TO COMPLY WITH . . . THIS COURT'S ORDERS CAN AND LIKELY WILL RESULT IN DISMISSAL OF THIS CASE." Order 6–7, ECF No. 53 (emphasis in original). The Court gave Mr. Winsor fair warning.

## V. Efficacy of Lesser Sanctions

On *Ehrenhaus*'s fifth factor, the Court concludes that lesser sanctions have not worked on Mr. Winsor. Because Mr. Winsor failed to show up for his first deposition, this Court sanctioned him, ordering him to pay the reasonable expenses, including attorney's fees, caused by his failure to appear. Order 7, Jan. 23, 2013, ECF No. 53. It also ordered Mr. Winsor to reimburse Mr. Young for the reasonable expenses, including attorney's fees, that Mr. Young incurred preparing and filing his first motion to dismiss. *Id.* But despite these sanctions, Mr. Winsor again failed to appear for his deposition. Lesser sanctions simply didn't work.

## VI. Other Considerations

In addition to the *Ehrenhaus* factors, the Court finds that three other factors point towards dismissal as an appropriate sanction in this case.

First, Mr. Winsor has been uncooperative with and disrespectful of defense counsel. He refuses to communicate with defense counsel except by written mail and has blocked defense counsel's email. Pl.'s Letter 1, Sept. 27, 2012, ECF No. 39. And when Mr. Winsor does communicate with defense counsel, his correspondence is less than professional. One of Mr. Winsor's letters to defense counsel is particularly illuminating. Mr. Winsor writes, "Your arrogance and conceit have reached new heights. . . . You have no authority in this case. Who are you to think that I must submit to your arrangements? That's not going to happen." Def.'s Mem. Ex. 1, ECF No. 51. Mr. Winsor has groundlessly accused defense counsel on several occasions

of corruption, dishonesty, and professional misconduct. This unacceptable behavior towards defense counsel constitutes another factor pointing towards dismissal.

Second, Mr. Winsor has been uncooperative with and disrespectful of this Court. Not only did Mr. Winsor disobey the Court's orders to appear in person for his deposition, he also disobeyed the Court's initial pretrial order by filing his expert witness designations past the deadline set in that order. *See* Order Striking Pl.'s Expert Designation ¶ 4, ECF No. 54. Additionally, the Court has repeatedly asked Mr. Winsor to provide evidence of his alleged medical condition, but Mr. Winsor has steadfastly refused to do so. *See, e.g.*, Order 3, Jan. 1, 2013, ECF No. 49; Order 2, Sept. 21, 2012, ECF No. 33. Mr. Winsor has accused this Court of handling his case with the "utmost of corruption and injustice." Pl.'s Resp. 2, ECF No. 62. He also has groundlessly accused the Court of biased and unethical conduct and has threatened to file a complaint against the Court with the United States Judicial Council. Pl.'s Letter 1, ECF No. 39. This unacceptable behavior towards the Court also is a factor cutting in favor of dismissal.

Third, Mr. Winsor has not adequately prosecuted this case. He has asked for and been denied a one-year stay of this case on two occasions. He admits that tending to his alleged medical problems, not prosecuting this case, is "his most important priority." Pl.'s Resp. 3, ECF No. 62. And Mr. Winsor did not respond to Mr. Young's first motion to dismiss because, according to Mr. Winsor, he was simply too busy with other matters. *See* Pl.'s Letter 1, Mar. 12, 2013, ECF No. 63. Mr. Winsor's failure to adequately prosecute this case is yet another factor aligning in favor of dismissal.

## CONCLUSION

The Court concludes that dismissing Mr. Winsor's suit with prejudice is warranted. Mr. Winsor's failure to appear at his court-ordered deposition harmed Mr. Young and interfered with the judicial process. The Court finds that Mr. Winsor culpably and willfully failed to appear for his deposition. The Court warned Mr. Winsor in advance that failure to appear in person for his deposition or to comply with the Court's orders could and likely would result in dismissal. Yet despite this warning and the Court's imposition of monetary sanctions against Mr. Winsor, Mr. Winsor again failed to show up for his deposition, demonstrating the inefficacy of lesser sanctions. Mr. Winsor has been uncooperative with and disrespectful of both defense counsel and this Court, and has not adequately prosecuted this case. For these reasons, the Court **GRANTS** Mr. Young's motion (ECF No. 59) and **DISMISSES** this action **WITH PREJUDICE**.

Dated this 15th day of March, 2013.

Alan B. Johnson
United States District Judge